GERARDO GUARDIOLA, Petitioner, *v.* DISTRICT COURT OF SAN JUAN and OSCAR A. GANDÍA, Respondents.

No. 576. Argued June 20, 1927.—Decided January 31, 1928.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Gerardo Guardiola presented a petition in certiorari to this Supreme Court alleging that he was sued in the district court of San Juan; that he appealed from the judgment rendered and applied to stenographer Oscar Gandía for a

transcript of his notes and other documents necessary for the appeal; that when the transcript was finished Gandía refused to file the original in the court and to give the petitioner a copy unless he paid him two hundred dollars, at which sum the stenographer fixed his fees, the said stenographer likewise refusing to let the petitioner have a copy of the transcript for the purpose of counting the words in order to determine its exact cost; that the only recourse then left to the petitioner was to pay the sum of two hundred dollars exacted; that when in possession of the record he counted the words and found that it contained 26,924 which at the legal rate of ten cents per hundred words amounted to $26.92, for which reason he demanded that the stenographer refund to him the difference, but without success; that the petitioner then filed a motion in the district court stating the foregoing facts and praying that the stenographer be ordered to make the refund; that notice of the motion was given to the stenographer who, admitting the facts as set forth, alleged only that the court had no jurisdiction of the question raised, and finally that the court held that it had no jurisdiction as it understood that the proper remedy was an ordinary action for the recovery of the excess.

The writ was issued. The hearing was postponed on motion of the stenographer and proceeded with later, the petitioner and the stenographer appearing by counsel. The respondent court did not appear. Both the petitioner and the stenographer filed briefs within the time allowed them for that purpose in support of their respective contentions.

In the original record brought up in compliance with the writ we find the order of the district judge in full. It seems appropriate to transcribe the part of it reading as follows:

"According to section 7 of the Code of Civil Procedure, every court has power, among other things:

" 'To control, in furtherance of justice, the conduct of its min-

isterial officers, and of all other persons in any manner connected with a juridical proceeding before it, in every matter appertaining thereto.'

"But is the official conduct of stenographer Oscar Gandía involved in any manner in this case?

"Section 5 of the Act of March 10, 1904, creating the positions of stenographers of the district courts, provides that it shall be the duty of the reporter to furnish, on the application of any party to a suit, a typewritten copy of the record, for which he shall be entitled to receive, in addition to his salary, a fee of ten cents per one hundred words, to be paid by the party requesting the same and to be taxed as costs in the case against the party finally defeated in the action.

"On the strength of this statute the defendant contends that the court has power to order the refund of the sum charged in excess. We do not agree. In compliance with the provisions of the Act and to vest in the courts jurisdiction and control over the conduct of its officers, there was adopted rule 30 of the 'Rules and Regulations of the District Courts' which in its pertinent part reads:

" 'It shall be the duty of the stenographer to transcribe his notes and to prepare the transcript of the evidence in all civil cases that the court may order . . . . but the party to the action, once the order has been issued or the application made, shall deposit in the office of the clerk *the amount of the fees of the stenographer as per schedule,* and the notes shall be delivered and the transcript of the evidence filed, following the order of the deposit of the fees.'

"This rule was embodied in the special rules of this Court issued by the judicial Council established by the Act reorganizing the District Courts of San Juan, approved September 10, 1925. (See rule 10 of the special rules of the District Court of San Juan.)

"So that when a party deposits the fees in the office of the clerk the court is evidently empowered to enforce compliance with its rules and to correct any departure therefrom by an order. In the present case, however, the defendant has not followed the clear precept prescribed by the rules to deposit the fees. He has thought it more advantageous to him to come to an agreement with stenographer Gandía regarding the transcript of the record, and this being the case, as is shown by his own motion, the Court is of the opinion that it has no jurisdiction to compel by a peremptory order the refund applied for by the defendant. Although an officer of the Court is involved, his conduct in this case has not been official, be-

cause the defendant himself took him out of the jurisdiction of the court by coming into an agreement having, in our opinion, the character of a hire of services or of a contractual obligation between the defendant and the stenographer. If the latter received a sum to which he was not entitled and therefore it was wrongfully and unlawfully paid he is under obligation to refund it. (Sec. 1796 Civ. Cod.) But the refund must be claimed in an ordinary action, for the person from whom the refund is demanded may prove that the delivery was made through liberality or for any other sufficient cause. (Sec. 1802 Civ. Cod.)

"The Court has examined the citation of 15 Corpus Juris, 316, but in its opinion it is not applicable to the case. The Court has also taken notice of the remark made by the defendant regarding the payment of $3.00 which must be made by the plaintiff in a civil action when filing the complaint. That has nothing to do with this case; but the Court wishes to state that such fees have been expressly abolished by section 8 of Act No. 17 of March 11, 1915.

"Finally, the Court is of the opinion that the defendant having failed to comply with the rules of the court as to the deposit of the fees of the stenographer, it has no authority to compel him to make the refund, because if it did so it would bar him from pleading the defenses to which he is entitled under section 1802 of the Civil Code and also deprive him of the statutory right of appeal, because he has not been defeated in an ordinary action and he could not appeal within this proceeding. If the defendant's interests have been injured or damaged the law provides him with ample means to proceed against the stenographer. This order determines only the motion filed, without prejudice to any other question not raised, and this shall not be understood as an indorsement by the court of the practice followed in this case."

As the order of the court states that the petitioner came to an agreement with the stenographer "as is shown by his own motion," there should be likewise transcribed the pertinent part of the motion in this respect. It is as follows:

"That the defendant had paid to the stenographer in several instalments, on account of his fees, the sum of $120 and at the termination of the transcript the defendant required the stenographer to furnish him with a copy of it for the purpose of finding out finally the amount of his fees, which was refused by the officer, the defendant being compelled to pay to the stenographer the additional

sum of $80 making with the $120 paid on account a total of $200 which according to the stenographer is the value of the aforesaid transcript of the record which was duly filed in the office of the clerk of this Court.

"That the defendant paid the aforesaid sum because it was fixed by the stenographer as the amount of the fees to which he was entitled under the law, the defendant reserving to himself the checking up, of such fees as soon as he could get possession of the record whose delivery to the defendant was refused by the stenographer without the previous payment to him of the fees claimed.

"That the number of words of the aforesaid stenographic record amounted in all to 26,924 which at the rate of ten cents per one hundred words amount to $26.92, there being consequently a difference of $173.08 between the value of the record according to the law and the sum collected by the stenographer."

Should the court have refused to take jurisdiction of the matter?

In our opinion the power of the court to intervene was clear. It was a proceeding before that court and the incident arose on account of the collection of the stenographer's fees which are in the nature of costs and the collection thereof was made by an officer of the court whose conduct it not only could but should control in furtherance of justice.

The very rule copied by the court in its order shows that the court took jurisdiction of the matter. And that jurisdiction was not on that account exhausted in any way.

It is true that the petitioner did not avail himself of the rule as he could have done. Nor did the stenographer. And it is true that in the motion presented to the district court less color is given to the facts than in the petition in certiorari filed in this Supreme Court; but it is also true that from the motion appears the clear, distinct and uncontradicted fact that an officer of the court had insisted on collecting within a proceeding before that court for official services the sum of $200 when according to the law he was only entitled to receive the sum of $26.92. The difference is so great, the exaction so illegal, the conduct so contrary to

that which should be followed in all acts performed within a court of justice that it is impossible not to interfere. It is precisely for such cases as the present that the Code of Civil Procedure contains section 7, which we shall analyze forthwith. Its pertinent part reads as follows:

"Sec. 7. Every court has power:

＊　　　＊　　　＊　　　＊　　　＊　　　＊　　　＊

"5. To control, in furtherance of justice, the conduct of its ministerial officers . . . . "

It is the same as section 128, No. 5, of the Code of Civil Procedure of California, section 110, No. 5, of the Code of Civil Procedure of Montana and section 3862, No. 5, of the Revised Codes of Idaho, and vests in the courts an inherent power which has been always recognized and without which the courts could not fully perform their functions.

We have consulted the jurisprudence in general and especially that of the States of California, Idaho and Montana, and have found no decision directly applicable to the matter in controversy.

As the stenographer's fees are in the nature of costs (*Finlay* v. *Fabián*, 25 P.R.R. 45; 7 California Jurisprudence, 655), we have examined the jurisprudence in that respect. Corpus Juris states it as follows:

"There is some difference of opinion as to the method of recovering back costs for which the party paying them was not liable. Some cases assert that an independent action is the proper remedy; but others hold that such an action cannot be maintained, and that the remedy is by rule or execution." 15 Corpus Juris, 316.

The cases holding that an independent action is necessary do not present the circumstances of this case. Nor do those which hold that the claim should be made within the same action. But while there are courts which have considered that the latter is the proper way in cases of costs in general unduly paid, with much more reason is the doctrine applicable when the case involves the conduct of an officer of

the court and subdivision 5 of section 7 of the Code of Civil Procedure is invoked.

Stenographers are officers of the courts. They are paid salaries and, moreover, they may collect such fees as are allowed by law and can receive only those which are allowed and no others.

The defendant stenographer refers in his brief to the enormous amount of work existing in the district court of San Juan and it seems to be implied that under that pretext it is customary to disregard the law in order to bargain and exact arbitrary remuneration for so-called extra work done late at night. And it seems also to be implied from the opinion of the district judge who refused to determine the question that to decide the case on motion would be to deprive the stenographer of his right to present that defense, or that of mere liberality in the payment.

In the first place, we do not see why on raising the question by motion within the same action the stenographer did not have an opportunity to allege and prove, as the case may be, all that might be consistent with his right, including the allegations contained in his brief. And in the second place, it seems that the question admits no distinction of any kind. Only the fees allowed by law can be collected, as we have said. To encourage, allow or tolerate any other practice would be to sanction a procedure contrary to the letter and the spirit not only of the law, but of the rule of the court cited. That vicious practice rather than the excessive amount of work is the cause of the delay in the prosecution of appeals that has been hampering for a long time the speedy administration of justice in Porto Rico.

The order complained of by the petitioner must be set aside and the case remanded to the district court where it originated for further proceedings in accordance with the principles herein set forth.

Mr. Justice Texidor took no part in the decision of this case.

Mr. Justice Wolf dissented.

### DISSENTING OPINION OF MR. JUSTICE WOLF.

Section 4 of the Act of March 10, 1904, in relation to stenographers provides (Laws of that year, page 120):

"The reporter shall file the stenographic records and reports made by him with the secretary of the District Court of the district in which such report was taken and the action was tried."

The duty of the stenographer is to file his stenographic notes and then they become a record. Any party can make a stenographer file his notes by a proper order of the court or perhaps by mandamus. A proceeding for contempt could follow a refusal to obey.

It is section 5 of that Act which gives a party a right to a copy. The section says in part that—

"It shall be the duty of each reporter to furnish, on the application of the Attorney General, district fiscal, or any party to a suit in which a stenographic record has been made, a typewritten copy of the record, or any part thereof, for which he shall be entitled to receive, in addition to his salary, a fee of ten cents per one hundred words, to be paid by the party requesting the same, and to be taxed as costs in the case against the party finally defeated in the action; . . . . ."

There is hence no record until the stenographer has filed his notes. There can be no record until the notes are filed and no one is entitled to anything except a copy of the typewritten record.

The court, it is true, has a right to regulate the conduct of its officials, but it is necessarily understood that the court can not control all the affairs of its officers. Under the very act that the petitioner invoked for a reduction of the fees the stenographer was under no duty to furnish a copy of his notes until he had filed them in court.

So far I have assumed with the petitioner that the respondent, the stenographer in this case, was performing the services more or less by virtue of the Act of March 10, 1904, which merely requires the stenographer to file in court his notes of the oral testimony. At that time on appeal the evidence in court could only be incorporated into the record by means of a statement of the case or a bill of exceptions. Therefore, at that time the stenographer's notes were only a means from which the parties could have a guide for their course on appeal, by reason of a motion for a new trial or perhaps for argument.

In this case, however, there can be no doubt that the services were in furtherance of the stenographer's notes to be used in substitution of a bill of exceptions or a statement of the case, the method provided by Act No. 27 of 1917. Under that Act the stenographer has different and additional duties other than those imposed by the Act of 1904. Under the later Act the stenographer is required, among other things, not only to take down the oral testimony, as required by the Act of 1904, but to report all the decisions, rulings or statements of the court, as well as all objections and exceptions of the attorneys and all questions or matters related thereto, and also to make a copy of all documents offered and admitted in evidence. In other words, the duties fixed by the later Act are under a different system. If the Act of 1917 be examined, no tariff of fees is fixed therein and the stenographer, when acting thereunder, would conceivably not be bound in the same way as by the tariff in the earlier Act. The considerations of this paragraph did not occur to me until after the case was decided.

If this stenographic record arose, as was supposed in the court below, by reason of a private contract between the parties and not under either of the cited acts defining the duties of the stenographer, then there is less reason for summary action on the part of the court.

My examination of the cases convinces me, and this has been the principal ground of my dissent, that in the absence of a specific act giving them authority, the courts will not in general order their officers to return money illegally collected, but will leave the parties to their remedy by suit, rule to show cause and execution. 35 Cyc. 1858; 37 Cyc. 528 *et seq.; San Francisco* v. *Mulcrevy,* 113 Pac. 339.

The citation from 15 C. J. 316, section 783, mentioned by the majority of this court, does not point to a summary action. The terms of that citation only mean that the party may resort to a motion or rule to show cause and does not necessarily have to begin an independent action. The remedy is by means of execution and not by an order on the officer to pay over the money. The citation, I take it, does not contemplate an order for a specific return whereby in case of disobedience the officer might be punished as for a contempt.

Paragraph 5 of section 7 of the Code of Civil Procedure relied upon by this court, it appears to me, is too general and not specific enough to cover this case. The idea of that section is to control the official conduct of its officers and not all their conduct. It surely does not cover duties not defined by the law.

Along with the court below I refrain from commenting on the conduct of the stenographer, but for the foregoing reasons I dissent from the opinion of the court.